(38 Misc. Rep. 328.)

PEOPLE ex rel. MORRISON v. CANTOR et al.

(Supreme Court, Special Term, New York County. June, 1902.)

1. MANDAMUS—PETITION—ALLEGATIONS—AFFIDAVIT—DENIAL.

    Where a petition for mandamus recited that the duties of the position of the engineer in the bureau of highways, in the office of the commissioner of public works of the borough of Manhattan, were the same as relator had performed as chief engineer in the borough of Richmond, and recited facts detailing the character of the duties in the respective boroughs, and an opposing affidavit denied the allegation in which relator claimed "similarity of duties," it did not deny the detailed facts.

2. SAME—RECITALS—CIVIL SERVICE.

    Laws 1902, c. 270, § 21, provides that, if the position held by any one who shall have served the time required by law as a volunteer fireman

shall be abolished, he shall be transferred to any branch of the service, in such position as he may be able to fill; and the statute gives a remedy by mandamus for any violation thereof. New York City Charter, § 127, provides that all veterans of the volunteer fire departments in the public service in either of the corporations consolidated, who cannot be removed save for cause, shall be retained in like positions. Section 1543 provides that, wherever in any department an office is abolished, the person legally holding the office abolished shall be entitled to reinstatement in the same office, position, or employment. A petition for mandamus recited that relator was, at the time of his removal complained of, a veteran volunteer fireman, and that his position in the borough of Richmond was abolished, and his name placed at the head of the list of those eligible to position of chief engineer in the county of New York, the duties of such position being substantially the same as the relator was performing in the borough of Richmond; and mandamus was sought to compel certification of the petitioner's name for the appointment to said position. The opposing affidavit stated that the position was of a confidential character, and one which the civil service commissioners, through inadvertence, neglected to place in Schedule A, part 1; being the exempt, noncompetitive, or confidential class of employés. *Held* that, on the facts as existing, relator was entitled to the writ.

Mandamus by the people, on relation of Henry P. Morrison, to Jacob A. Cantor and others, as commissioners of public works of the borough of Manhattan, to compel relator's installment in the office of chief engineer in the bureau of highways in the office of the commissioner of public works of the borough of Manhattan. Writ issued.

Roger Foster, for petitioner.
George L. Rives, for respondents.

GIEGERICH, J. From the statements in the petition, which are undisputed, it appears that the petitioner is, and was at the time of the removal complained of, a veteran volunteer fireman. He is a graduate of the University of the City of New York, in the civil engineering department, having received his degree in 1880. Since the 16th day of March, 1881, he has been continuously in the municipal service in the line of his profession, having risen through various grades, and, by successive competitive examinations, from the position of ax man, at $2.50 a day, to the position of chief engineer of highways and of sewers, and deputy commissioner of water supply of the borough of Richmond, at an aggregate salary of $5,000. On or about the 1st day of February, 1902, the position of chief engineer for the borough of Richmond was abolished, and in pursuance of the civil service provisions the name of the relator was at once thereafter placed by the municipal civil service commission of the city of New York at the head of the list containing the names of persons eligible to appointment to the position of chief engineer in the county of New York. On or about the 1st day of February, 1902, the president of the borough of Manhattan created the position of chief engineer in the bureau of highways in the office of the commissioner of public works of the borough of Manhattan, at a salary of $5,000 a year; the duties of such position being substantially the same as the relator was performing in the borough of Richmond. The position thus created the president of the borough of Manhattan attempted to fill by the appointment of one neither a veteran soldier, sailor, nor fireman, nor upon the said eligible

list, and who was not certified by the municipal civil service commission for appointment to such position, or to any position. The appointee thus attempted to be made has received no compensation for his services, and the municipal civil service commission has refused to certify his name upon the pay roll. The petition prays for a writ of peremptory mandamus requiring said commissioners to certify the petitioner's name to the said president for appointment to said position, and to certify his name upon the pay roll nunc pro tunc as of February 1, 1902. The opposing affidavits do not put in issue any of the material allegations of the petition. It is true that the affidavit of the borough president "denies the allegations contained in paragraph 13 of the moving papers herein, in which the relator claims that the duties of his office as chief engineer in the borough of Richmond are similar to the duties of chief engineer in the borough of Manhattan." This is only a denial of the allegations in which the relator claims similarity in the duties, but is not a denial of the allegations of fact, consisting of a long recital in detail of the character of those duties in the respective boroughs, from which it appears that the requirements in the two positions are in fact substantially the same. The opposing affidavits also state that the position in question is one in its nature of a confidential character, and which the civil service commissioners, through an inadvertence, neglected to place in Schedule A, part 1; being the exempt, noncompetitive, or confidential class of employés. It being undisputed, however, that, as the classification now exists, the position in question stands in the competitive list, the court cannot well consider evidence as to what the unperformed intention of the commission might have been. The decision must be made on the facts as they exist.

I am of the opinion, therefore, that under section 21 of chapter 270 of the Laws of 1902, and under sections 127 and 1543 of the new charter, the petitioner is entitled to a peremptory writ as prayed for.